IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | | Crim. No. 25-084 (PAD) |
| v. | | |
| EDWIN CRUZ-SIERRA | | |
| Defendant. | | |

REPORT AND RECOMMENDATION

On February 19, 2025, Defendant Edwin Cruz-Sierra was charged with violations of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 18 U.S.C. § 2 (Counts 4, 5, and 6). Docket No. 12. Defendant filed a motion to suppress at Docket No. 35. The United States opposed at Docket No. 42. Defendant replied at Docket No. 45. The matter was referred to me for a Report and Recommendation. Docket No. 36. An argumentative hearing was held on February 27, 2026. See Docket No. 47. Defendant filed a supplemental brief in support of the suppression at Docket No. 48. After carefully considering the written submissions and arguments of both sides, I recommend that Defendant's motion to suppress at Docket No. 35 be **DENIED**.

I.      **Background**

According to the affidavit submitted in support of the criminal complaint against Defendant, agents from the Puerto Rico Police Bureau ("PRPB") had a warrant to search Apartment 15 of Building A of the V&B Apartments in Barceloneta. Docket No. 1-1 at p. 2. When, on February 11, 2025, the PRPB went to execute the warrant, they observed an individual, Jeremil Pagán ("Pagán"), with a firearm and a bag of controlled substances standing in front of a car parked in the area. Id. Upon noticing law enforcement, Pagán threw the firearm and drugs inside the trunk of the car and ran into Apartment 19, which had the door open. Id. Agents followed Pagán and entered Apartment 19, where they encountered Defendant fixing a double drum magazine. Id. The agents saw a clear bag with controlled substances on the dining table and two (2) black plastic rifle cases in the living room. Id. Defendant and Pagán were arrested inside Apartment 19 and the PRPB

**United States v. Cruz-Sierra**
**Criminal No. 25-084 (PAD)**
**Report and Recommendation**

seized from Apartment 19 controlled substances, various cellphones, a fanny pack, a notebook ledger, drug paraphernalia, several firearms (some of which were loaded), magazines and ammunition. Id. at pp. 2-4. According to the affidavit, the PRPB seized evidence from the trunk of the car where Pagán threw the firearm and drugs before running to Apartment 19. Id. at p. 4. Also, according to the affidavit, a female, who approached the PRPB that day, is the registered owner of Apartment 19 and all the firearms seized inside. Id.

Defendant seeks suppression of all the evidence seized by law enforcement from Apartment 19 on February 11, 2025. Docket No. 35. Defendant's request is premised solely on his purported illegal arrest that day. Defendant argues that he was not arrested inside Apartment 19 but outside the building and that, when he was arrested, he was not engaged in any visible criminal activity. Defendant argues that upon his arrest, the PRPB forcefully took him inside Apartment 19, where they seized the challenged evidence. Defendant argues that he has witnesses, who will be able to corroborate that he was apprehended and handcuffed outside of Apartment 19, and taken inside Apartment 19 by the PRPB agents. Defendant sustains that all evidence found in Apartment 19 should thus be suppressed under the fruit of the poisonous tree doctrine; the poisonous tree being his illegal arrest.

The United States opposed Defendant's motion and requested that the Court deny the motion to suppress without holding an evidentiary hearing. Docket No. 42. The United States argues that Defendant has not argued or proffered evidence to establish standing to assert a privacy interest in Apartment 19, which is a threshold requirement for asserting a Fourth Amendment violation with respect to the search of the apartment. Alternatively, the United States argues that the evidence should not be suppressed as it was discovered while in hot pursuit of Pagán. And that in any event, suppression is not warranted under the plain view exception, as law enforcement entered Apartment 19 while pursuing Pagán and the incriminating evidence was in plain view.

In reply, Defendant clarifies that he is challenging his illegal arrest and not the search of Apartment 19. Docket No. 45. But he nonetheless seeks suppression of the evidence seized from Apartment 19. In his supplemental brief at Docket No. 48, Defendant argues that "[t]he constitutional violation alleged here arises from the restraint of [Defendant's] person, not from any claimed privacy interest in real property." Id. at p. 3. He further argues that "[b]ecause the evidence charged against [Defendant] was discovered only after— and as a direct consequence of— an

2

unlawful warrantless seizure [of his person], suppression is required." Id. at p. 2. In support of his request, Defendant submitted a declaration under penalty of perjury by Ms. Maribel Negrón Candelaria, asserting that, on February 11, 2025, she saw Defendant handcuffed and being walked by law enforcement to Apartment 19. Docket No. 48-1. During the argumentative hearing, counsel for Defendant again stated that Defendant is not claiming a proprietary interest in either Apartment 19 nor Apartment 15, and that he does not seek suppression of any evidence seized from his person as there was none.

## II.     Discussion

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. Accordingly, searches and seizures should be conducted only after acquiring a warrant supported by probable cause. Id. To assert a violation of Fourth Amendment rights, a person needs to have legal standing to do so. This means that only a person whose reasonable or legitimate expectation of privacy has been invaded by a search or seizure can seek redress under the Fourth Amendment. Smith v. Maryland, 442 U.S. 735, 740 (1979) (discussing Katz v. United States, 389 U.S. 576 (1967) (string of cases omitted)); United States v. Battle, 637 F.3d 44, 48 (1st Cir. 2011) ("To prevail on a claim that a search or seizure violated the Fourth Amendment, a defendant must show as a threshold matter that he had a legitimate expectation of privacy in the place or item searched."); United States v. Symonevich, 688 F.3d 12, 19 (1st Cir. 2012) ("As a general proposition, '[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his [or her] Fourth Amendment rights infringed.'") (citations omitted).

To determine whether a person has standing to seek the suppression of evidence illegally seized, we first ask what is the activity that is being challenged. Smith, 442 U.S. at 741. We then look at two criteria. The subjective one requires that the complainant have an actual expectation of privacy over the things or activities at issue and to have taken steps or demonstrated an intention of keeping those things or activities private. Id. at 740 (citing Katz, 389 U.S. at 361); Vega-Rodríguez v. Puerto Rico Telephone Co., 110 F.3d 174, 178 (1st Cir. 1997). The objective factor requires that the complainant's expectation of privacy is one that society is prepared to recognize as reasonable. Smith, 442 U.S. at 740 (citing Katz, 389 U.S. at 353); Vega-Rodríguez, 110 F.3d at

**United States v. Cruz-Sierra**
**Criminal No. 25-084 (PAD)**
**Report and Recommendation**

178. See also United States v. Moore-Bush, 36 F.4th 320, 328 (1st Cir. 2022) (examining the two criteria). Some factors that may be considered by the Court in examining whether a defendant has met the required threshold are: "ownership, possession, and/or control; historical use of the property searched or the thing seized; ability to regulate access; the totality of the surrounding circumstances; the existence or nonexistence of a subjective anticipation of privacy; and the objective reasonableness of such an expectancy under the facts of a given case." United States v. Aguirre, 839 F.2d 854, 856–57 (1st Cir. 1988) (citations omitted). But the burden of establishing standing lies entirely with the defendant. United States v. Lewis, 40 F.3d 1325, 1333 (1st Cir. 1994); United States v. Vilches-Navarrete, 523 F.3d 1, 13 (1st Cir. 2008).

As a point of departure, there is no question that Defendant would have standing to seek suppression of any evidence found on his person. However, he does not seek suppression of any evidence found on his person. Rather, Defendant seeks suppression of the evidence seized from Apartment 19 of Building A of the V&B Apartments in Barceloneta. His argument rests on his purported illegal arrest outside of the apartment and on having been taken inside the apartment prior to the search. But Defendant has affirmatively argued that he does not have a proprietary interest or an expectation of privacy in the searched apartment. And the law is clear: regardless of Defendant's claims with respect to the purported illegal arrest, to seek suppression of evidence seized from a searched property, Defendant had to establish a privacy interest in the property searched. By disclaiming a proprietary interest in Apartment 19, Defendant has achieved the opposite. "[D]isclaiming ownership is tantamount to declaring indifference, and thus negates the existence of any privacy concern in [searched item]." United States v. Zapata, 18 F.3d 971, 978 (1st Cir. 1994) (citation omitted); United States v. Samboy, 433 F.3d 154, 161–62 (1st Cir. 2005) (distancing from any possible interest, coupled with no evidence that defendant rented or owned the apartment in question, or had a right to exclude others or even that he maintained a regular presence there; no standing); United States v. De Los Santos Ferrer, 999 F.2d 7, 9 (1st Cir. 1993) (disclaimed ownership of searched luggage, forfeited claim of privacy in its content); United States v. Colón, 845 F. Supp. 923, 930 (D.P.R. 1994) (disclaimed ownership of item searched, no standing to argue that search was illegal).

Defendant argues that suppression is nonetheless warranted as the Government cannot be permitted to use an illegal arrest to impute on the Defendant the incriminating evidence found in

4

Apartment 19. Docket No. 48 at p. 4. In other words, Defendant seeks suppression strictly as a remedy for the illegal arrest and not because his privacy interests in the searched property have been transgressed by law enforcement. But because there was no evidence seized from his person, the illegality of his arrest cannot be the basis for a Fourth Amendment violation with respect to the evidence found in Apartment 19. Defendant's claim with respect to the supposed illegality of the arrest goes to his claim of innocence— that he cannot be deemed to have been in possession of the incriminating evidence found in Apartment 19 as he was not in that apartment (and therefore not in possession of the drugs and firearms) at the time of his arrest. That is an argument for trial. See Lewis, 40 F.3d at 1333 (defendant's interest to avoid the evidentiary force of the seized evidence is different from an interest protected by the Fourth Amendment); United States v. Agosto Pacheco, 2022 WL 16734558, at *3 (D.P.R. June 16, 2022), report and recommendation adopted, 635 F. Supp. 3d 59 (D.P.R. 2022) ("[I]f a defendant's only interest is to suppress evidence which might be used against him at trial, that interest is not protected by the Fourth Amendment."); United States v. Figueroa Figueroa, 2025 WL 3079162, * 3 (D.P.R. Nov. 4, 2025), report and recommendation adopted, 2026 WL 94603 (D.P.R. Jan. 9, 2026). Furthermore, there is nothing impermissible with the Government arguing that a defendant does not have an expectation of privacy in a place to assert a Fourth Amendment violation, while arguing that the defendant possessed the evidence seized in that same place to prove guilt at trial. United States v. Gómez, 770 F.2d 251, 253–54 (1st Cir. 1985) ("the fourth amendment protects legitimate privacy expectations. Therefore, it is possible for prosecutors to assert that a defendant had a *possessory* interest in goods seized yet had not had any *privacy* expectation invaded.") (internal citations omitted) (emphasis in the original).

Further, even if the Court were to find that Defendant has standing to challenge the evidence seized from Apartment 19, his arguments that the evidence seized should be suppressed as fruit of the poisonous tree would also have to be rejected. Under the fruit of the poisonous tree doctrine, evidence with a "sufficiently close relationship to the underlying illegality" may be suppressed as an extension of the Fourth Amendment exclusionary rule. United States v. Sierra-Ayala, 39 F.4th 1, 16 (1st Cir. 2022) (citation omitted). But "suppression as fruit of the poisonous tree is not appropriate where 'the connection between the illegal police conduct and the discovery and seizure of the evidence is 'so attenuated as to dissipate the taint[.]'" Id. at 17 (citations

omitted); United States v. Camacho, 661 F.3d 718, 728–29 (1st Cir. 2011). As argued by the Government and gleaned from the affidavit submitted in support of the criminal complaint, law enforcement entered Apartment 19 while in pursuit of Pagán. Defendant has not proffered any evidence to challenge the facts that allegedly led to the entry of law enforcement to Apartment 19. For instance, Defendant has not proffered any evidence that could establish that Pagán was not seen by law enforcement outside of the apartment in front of the truck with drugs and a firearm, that Pagán did not throw the drugs and firearm in the trunk of the car and ran into Apartment 19, and that law enforcement's presence at Apartment 19 was not the result of their pursuit of Pagán after observing his illegal conduct. Rather, Defendant's arguments focus solely on the purported illegality of his arrest and on his counsel's argument that the events as narrated in the affidavit submitted with the complaint are unbelievable. But an attorney's arguments do not constitute first-hand knowledge of the facts and are insufficient for the defendant to establish the required "definite, specific, detailed, and nonconjectural [facts] to enable the court to conclude that a substantial claim is presented." Lewis, 40 F.3d at 1332. And even if we take Defendant's arguments with respect to the illegal arrest as true, the challenged seizure was not contingent on Defendant's arrest but on the facts that gave rise to Pagán's pursuit and law enforcement's entry to Apartment 19. As such, the challenged evidence was seized through independent means (either on account of the hot pursuit of Pagán[1] or because the evidence was observed in plain view after entry to Apartment 19[2]) and not because of Defendant's arrest. The seized evidence is thus not sufficiently tainted by the claimed illegality of the arrest.

Finally, a defendant does not have an automatic right to an evidentiary hearing on a motion to suppress. United States v. Cintrón, 724 F.3d 32, 36 (1st Cir. 2013); United States v. Brown, 621 F.3d 48, 57–58 (1st Cir. 2010); Lewis, 40 F.3d at 1332; United States v. Laureano Vélez, 210 F.

---

[1]    Evidence seized after a hot pursuit is a recognized exception to the warrant requirement when police are faced with the "threatened escape by a suspect." United States v. Faust, 853 F.3d 39, 47 (1st Cir. 2017) (citations omitted).

[2]    A search conducted without a warrant may be deemed reasonable if the incriminating evidence is found in plain view. Coolidge v. New Hampshire, 403 U.S. 443, 454–55 (1971). The doctrine "permits the warrantless seizure of an item if the officer is lawfully present in a position from which the item is clearly visible, there is probable cause to seize the item, and the officer has a lawful right of access to the item itself." United States v. Hernández-Mieses, 931 F.3d 134, 140 (1st Cir. 2019) (quoting United States v. Gamache, 792 F.3d 194, 199 (1st Cir. 2015)).

Supp. 2d 54, 56 (D.P.R. 2002). "Rather, '[a] hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record. Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief.'" Cintrón, 724 F.3d at 36 (quotations in the original) (citations omitted). Here, as confirmed during the argumentative hearing and through Defendant's submissions, Defendant has not presented an affidavit nor proffered evidence that would establish that there are factual disputes that need to be resolved in an evidentiary hearing— that he either had a privacy interest in Apartment 19 or that the evidence seized from Apartment 19 would not have been seized but for his illegal arrest. So, even assuming for purposes of discussion the illegality of his arrest, there are no factual disputes that if resolved would entitle Defendant to the requested relief. United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996) (to be entitled to a hearing, a "defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief.") (citations omitted); United States v. D'Andrea, 648 F.3d 1, 5 (1st Cir. 2011) (same).

### III.    Conclusion

For the reasons discussed, I recommend that Defendant's motion to suppress at Docket No. 35 be **DENIED** without an evidentiary hearing.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. §636(b)(1) and Rule 72(d) of the Local Rules of this District Court. Pursuant to Local Rule 72(d), the parties have fourteen (14) days to file any objections to this Report and Recommendation. Failure to file timely and specific objections may be deemed waived by the District Court and claims not preserved by objections may be precluded on appeal. See Thomas v. Arn, 474 U.S. 140, 155 (1985); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992); Henley Drilling Co. v. McGee, 36 F.3d 143, 150 (1st Cir. 1994).

In San Juan, Puerto Rico, this 6th day of April 2026.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge